UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN MAYLENI CONDE, | No. 1:26-cv-04799-DJC-JDP |
| Petitioner, | |
| v. | RELEASE ORDER |
| MOISES BECERRA, et al., | A# 246-164-080 |
| Respondents. | |

Petitioner Helen Mayleni Conde is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1).  The Court has previously addressed the legal issues raised in Count 4 of the Petition.  *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus as to Count 4 and identify any factual or legal issues in this case that distinguish it from the Court's prior orders.  (ECF No. 4.)  Respondents argue that this case is distinguishable as Petitioner recently received a bond hearing where an IJ determined that Petitioner

1

was a flight risk.  (ECF No. 5 at 1.)  Due process typically entitles an individual like to Petitioner to pre-deprivation notice and an opportunity to be heard.  *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1031 (N.D. Cal. 2025).  This is not satisfied by an alternative determination made by an IJ days after Petitioner was taken into custody.  Moreover, the hearing provided by the Government also appears to have applied a burden of proof that does not satisfy the requirements of due process.  (See ECF No. 5 at 19.)  Significantly, the IJ's determination that Petitioner should not be released relied on information that was true at the time Petitioner was previously released.  (*See id.* at 19–20.)  For these reasons, the IJ's alternative determination that Petitioner is a flight risk does not distinguish this case from the Court's prior orders.

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 4, for the reasons stated in those prior orders.[1]

Respondents are ORDERED to immediately release Petitioner Helen Mayleni Conde from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This Order does not address the circumstances in which

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **July 1, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3